# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

AJAI BHATIA,                                   :
               Plaintiff,       :
v.                                             :
                                :    NO. 3:06 CV 1334 (MRK)
J. BERNADETTE CONWAY,                          :
Individually and in her official capacity      :
as a Justice of the Superior Court,            :
New Haven County,                              :
               Defendant.       :

## <u>MEMORANDUM OF DECISION</u>

In this case, *pro se* plaintiff Ajai Mr. Bhatia sues Connecticut Superior Court Judge Bernadette Conway for a variety of alleged constitutional violations stemming from a protracted custody dispute between Mr. Bhatia and his wife in state court. In addition to filing his Complaint, Mr. Bhatia recently filed a Motion for Injunctive Relief [doc. # 11], as well as a Motion to Appoint Counsel [doc. # 18]. In response, Judge Conway filed a Response re Motion for Injunctive Relief [doc. # 15] and simultaneously filed a Motion to Dismiss [doc. # 16] Mr. Bhatia's Complaint. Because Judge Conway's arguments regarding the motion for injunctive relief are closely related to her motion to dismiss, the Court addresses both here. For the reasons discussed, the Court concludes that it does not have jurisdiction to hear Mr. Bhatia's claims, and therefore, the Court must DENY Mr. Bhatia's Motion for Injunctive Relief [doc. # 11] and GRANT Judge Conway's Motion to Dismiss [doc. # 16].

# I.

Mr. Bhatia's claims arise out of an emotionally difficult and regrettable custody dispute with his wife and the Connecticut Department of Children and Family Services,[1] which began in October 2000.  Mr. Bhatia alleges that his wife repeatedly induced their daughter to testify falsely that she had been sexually abused by Mr. Bhatia.  *See* Complaint [doc. # 3] at 3.  Apparently based on these false allegations, Mr. Bhatia was tried on criminal charges in state court and was acquitted in June 2003.  *See id.* at 5.  According to Mr. Bhatia, his wife failed to comply with the state courts' orders granting him visitation rights, and as a result, his wife was eventually found in contempt of court and incarcerated.  *See id.*

Mr. Bhatia continues to seek custody of his daughter.  As part of those efforts, Mr. Bhatia participated in a proceeding in New Haven Superior Court that was apparently transferred to New Haven Juvenile Court before Judge Conway.  Mr. Bhatia's claims in this case arise from the juvenile court proceedings before Judge Conway.  Mr. Bhatia generally alleges that Judge Conway deprived him of his right to due process.  More specifically, Mr. Bhatia alleges that he

> has been denied the legal avenue to address any issues, denied the appeal process, denied the fee waivers without a timely hearing to address the appeal, denied the opportunity to address all the motions, denied access to the ENTIRETY of the file as a Pro Se . . . denied access to subpoenas witness, denied due process . . . .

*Id.* at 11.[2]  Mr. Bhatia seeks injunctive and declaratory relief against Judge Conway in addition to "other relief, as this Court deems appropriate and just."  *Id.* at 13.

---

[1]Mr. Bhatia has a separate case pending before the Court involving the Department of Children and Family Services.  *See Bhatia v. State of Conn., Dept. of Children & Families*, No. 3:06 CV 1749 (MRK).

[2]  The Court has taken the liberty to correct any typographical errors in the Complaint.

In addition to his Complaint, Mr. Bhatia recently filed a Motion for Injunctive Relief [doc. # 11]. In that motion, Mr. Bhatia reiterates his due process claims, stating that "Judge Conway continues to deny Mr. Bhatia his due process as entitled under the US Constitution." Mot. for Injunctive Relief [doc. # 11] at 1. Most relevant to the Court's analysis is that Mr. Bhatia's allegations suggest that his case before Judge Conway is an ongoing proceeding and one where he has not received a final decision nor one for which he has sought any relief in the state appellate courts.

## II.

Before considering the merits of Mr. Bhatia's claims, the Court must first determine whether it has jurisdiction to hear his claims. Judge Conway insists that the Court lacks jurisdiction, and her principal argument is that Mr. Bhatia's claims should be dismissed under the *Younger* abstention doctrine.

"*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). Although *Younger* itself involved an ongoing state criminal proceeding, it is now well settled that the abstention principles articulated in *Younger* apply equally to family court proceedings, such as those at issue here. *See Moore v. Sims*, 442 U.S. 415, 434-35 (1979); *Blouin v. Dembitz*, 489 F.2d 488, 489 (2d Cir. 1973); *Lomtevas v. Cardozo*, No. 05-CV-2779(DLI)(LB), 2006 WL 229908, at *4 (E.D.N.Y. Jan. 31, 2006). The Court has had occasion in another case to discuss at length the public policy motivations underlying the *Younger* abstention doctrine. *See Sica v. Connecticut*, 331 F. Supp. 2d 82, 84 (D. Conn. 2004). The Court will not repeat that discussion here but instead directs the parties to the Court's prior

3

decision. In brief, *Younger* abstention applies when three factors are present: (1) there is an ongoing state proceeding; (2) that proceeding implicates important state interests; and (3) the state proceeding provides an adequate opportunity to raise the plaintiff's federal constitutional claims. *See Schlagler v. Phillips*, 166 F.3d 439, 441 (2d Cir. 1999). If *Younger* applies, "abstention is mandatory." *Id.* at 441; *see Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976).

Here, Mr. Bhatia's allegations are premised upon an apparently ongoing state proceeding. There is also little question that the custody of children raises important state interests. *See Moore*, 442 U.S. at 434-35 (discussing *Younger* abstention and noting that "[f]amily relations are a traditional area of state concern. . . .  We are unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."); *Nicholson v. Scoppetta*, 344 F.3d 154, 168 (2d Cir. 2003) ("We defer to state primacy in areas of traditional state concern, such as family law . . . not only out of comity but also because the state is often far more expert than are we at understanding the implications of each decision in its practiced field.") (citation omitted).  Finally, while Mr. Bhatia alleges his rights to due process have been violated by Judge Conway, there is no indication in the record that Mr. Bhatia has availed himself of any of the remedies available through the state court system.  For example, Mr. Bhatia apparently has not appealed any of Judge Conway's decisions to the state appellate court to compel Judge Conway to provide him with the relief he seeks.  Nor has Mr. Bhatia moved (or even alleged that he has moved) for Judge Conway to recuse herself from the case.  *See* Memorandum in Support of Motion to Dismiss [doc. # 17] at 12-13.  Furthermore, Mr. Bhatia refers to other judges in the state court system in favorable terms, which indicates to the Court that potential alternative avenues within the state court system continue to exist for Mr. Bhatia.  *See,*

*e.g.*, Compl. [doc. # 3] at 2 ("One of the Judges at Bridgeport court was Judge Owens, who is an excellent Judge."); *id.* at 13 (requesting that the Court grant relief "just based on the decisions by Hon. Judge Munro and Hon. Judge Aureigemma").

Therefore, all three of the *Younger* requirements are met, and the Court must abstain from interfering with the ongoing state proceding involving Mr. Bhatia unless an exception to *Younger* abstention applies. There are only two "tightly defined" exceptions to the doctrine of *Younger* abstention. They are "bad faith" and "extraordinary circumstances." *Sica*, 331 F. Supp. 2d at 85 (citing *Diamond "D,"* 282 F.3d at 197). "A plaintiff seeking to invoke either the bad faith or extraordinary circumstances exceptions may not rely on conclusory allegations in a complaint or affidavit but must instead 'affirmatively demonstrate the justification for application of an exception.'" *Sica*, 331 F. Supp. 2d at 85 (quoting *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000)).

As this Court has noted previously:

[F]or a federal plaintiff to invoke the bad faith exception, the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome . . . . Our most recent cases concerning the bad faith exception have further emphasized that the subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, this inquiry. A state proceeding that is legitimate in its purposes, but unconstitutional in its execution– *even when the violations of constitutional rights are egregious*–will not warrant the application of the bad faith exception. To invoke this exception, the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive.

*Sica*, 331 F. Supp. 2d at 85-86 (quoting *Diamond "D,"* 282 F.3d at 199).[3]

---

[3] Because Mr. Bhatia fails to make specific factual allegations to support a claim of bad faith or extraordinary circumstances, the Court finds that it is not required to hold an evidentiary hearing on those issues. *See Sullivan v. Stein*, No. Civ. 3:03CV1203 (MRK), 2005 WL 43439, at *1 (D. Conn. Jan. 4, 2005).

In this case, Mr. Bhatia is clearly dissatisfied with the decisions of Judge Conway, but beyond Mr. Bhatia's conclusory allegations of being treated unfairly or being discriminated against on account of his race, there is no evidence to support the allegation that Judge Conway's rulings are in any way a result of retaliatory, harassing, or illegitimate motives sufficient to trigger the bad faith exception.  In another proceeding before Superior Court Judge Dewey, Mr. Bhatia appeared to raise similar claims to those that are presently before Judge Conway.  Judge Dewey denied all of Mr. Bhatia's motions after stating that "[t]he court does not question [Mr. Bhatia's] sincerity nor does it doubt that the plaintiff is convinced that he has suffered a series of injustices." *Bhatia v. Debek*, Post Judgment Litigation, Apr. 4, 2006, No. NNH FA 00-04005681, Superior Court, Judicial District of New Haven at New Haven, at 15 (attached as Ex. A to Mem. in Supp. of Mot. to Dismiss [doc. # 17]).  The fact that Mr. Bhatia feels aggrieved and strongly disagrees with the decisions of Judge Conway (to the extent she has issued any final decisions) does not equate to a determination that Judge Conway's motives are so illegitimate and improper that a federal court should take the extraordinary action of intervening in an ongoing state custody action.

The Supreme Court has described the "extraordinary circumstances" exception in the following terms: "Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state . . . process." *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975) *cited by Sica*, 331 F. Supp. 2d at 86.  As discussed above, the Court concludes that Mr. Bhatia has potentially effective remedies available in state court, even with respect to his federal claims, that he has not yet fully pursued.  Accordingly, as was the case with the bad faith exception, the Court concludes that Mr. Bhatia has failed to make specific factual allegations of extraordinary circumstances sufficient to

override the mandatory abstention that *Younger* otherwise requires.  Because the *Younger* abstention doctrine applies, the Court lacks jurisdiction to consider Mr. Bhatia's claims against Judge Conway.

In addition to the *Younger* impediment to hearing Mr. Bhatia's claims, to the extent Judge Conway has issued any final decisions in Mr. Bhatia's case and Mr. Bhatia seeks to overturn those decisions, the Court would also lack jurisdiction to hear his case under the *Rooker-Feldman* doctrine. "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  While the Supreme Court has narrowed the application of the *Rooker-Feldman* doctrine in recent years, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the issues presented in this case by Mr. Bhatia fall squarely within the doctrine, even as narrowed.  As the Second Circuit has explained, even if Mr. Bhatia raises federal claims before the Court that he never raised in state court, his allegations in this case are "'inextricably intertwined' with the challenged state-court judgment . . . and therefore a federal district court lacks jurisdiction over such claims because 'the district court is in essence being called upon to review the state-court decision.'" *Hoblock*, 422 F.3d at 86 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983)).  While Mr. Bhatia's claims for relief do not explicitly ask the Court to overturn the decisions of Judge Conway, *see* Compl. [doc. # 3] at 13, to the extent that his request for "declaratory relief, as this Court deems appropriate" or his request for "other relief, as this Court deems appropriate and just," *id.*, aims to have the Court overturn or override the decisions of Judge Conway, the Court lacks jurisdiction to do so.

7

Finally, there are two other insurmountable barriers to the relief Mr. Bhatia seeks in this case. His request for injunctive relief against Judge Conway runs afoul of the 1996 amendments to 42 U.S.C. § 1983. In those amendments, Congress dictated that injunctive relief against a judicial officer shall not be granted "unless a declaratory decree was violated or declaratory relief was unavailable." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005); *see Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Cruz v. Superior Court Judges*, 2005 WL 677282, at * 3 (D. Conn. Mar. 21, 2005) (injunctive relief against judicial officials barred unless plaintiff alleges violation of declaratory decree or unavailability of declaratory relief). Here, Mr. Bhatia seeks an injunction from the Court "commanding [Judge Conway] to recuse herself from this matter." Compl. [doc. # 3] at 13. Because Mr. Bhatia does not allege that a declaratory decree was violated nor that declaratory relief was unavailable, injunctive relief against Judge Conway under § 1983 is impermissible. Furthermore, to the extent Mr. Bhatia seeks damages in his Complaint [doc. # 3], Judge Conway is absolutely immune from any such damages. As the Second Circuit has held, "if the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction." *Huminski*, 396 F.3d at 75 (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Mr. Bhatia has never alleged that Judge Conway lacked jurisdiction over the claims in the juvenile court proceeding. And while he asserts that she erred in her decisions, judicial immunity "is not overcome by allegations of bad faith or malice." *Id.* Therefore, any claims for injunctive relief or damages are improper and must be dismissed in any event.

## III.

The Court certainly understands Mr. Bhatia's frustration with the legal proceedings he has endured as a result of his wife's apparently false accusations.  The Court also recognizes the challenges that any *pro se* plaintiff faces in pursuing judicial relief.  However, the Constitution and Congress place clear limits on the jurisdiction of federal courts and for the reasons stated above, the Court lacks jurisdiction to entertain Mr. Bhatia's case.  Therefore, the Court GRANTS Judge Conway's Motion to Dismiss [doc. # 16] and DENIES Mr. Bhatia's Motion for Injunctive Relief [doc. # 11].  The Court also DENIES AS MOOT Mr. Bhatia's Motion to Appoint Counsel [doc. # 18].  **The Clerk is directed to close this file**.

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: December 19, 2006.**

9